UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SVETLANA LYUBCHENKO                 )
305 T Street, NW Apt. B.            )
Washington, DC 20001                )
                                    )
         Plaintiff                  )
                                    )
v.                                  )  Civ. No. 1:16-cv-00589
                                    )
SARAH TAYLOR, District Director     )
Washington, DC Field Office         )
U.S. Citizenship and Immigration Services )
2675 Prosperity Avenue              )
Fairfax, VA 22031                   )
                                    )
LEON RODRIGUEZ, Director            )  **COMPLAINT FOR**
U.S. Citizenship and Immigration Services )  **MANDAMUS AND**
20 Massachusetts Avenue, N.W.       )  **DECLARATORY**
Washington, DC 20529                )  **JUDGMENT**
                                    )
JEH CHARLES JOHNSON, Secretary      )
U.S. Department of Homeland Security )
650 Massachusetts Avenue, NW        )
Washington, DC 20001                )
                                    )
JAMES B. COMEY, Director            )
Federal Bureau of Investigation     )
J. Edgar Hoover Building            )
935 Pennsylvania Avenue, N.W.       )
Washington, DC 20535                )
                                    )
LORETTA E. LYNCH., Attorney General )
U.S. Department of Justice          )
950 Pennsylvania Avenue, N.W.       )
Washington, DC 20530                )
                                    )
         Defendants                 )
_____)

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

Plaintiff, SVETLANA LYUBCHENKO, through undersigned counsel, complains of the

Defendants, SARAH TAYLOR, District Director, Washington, DC Field Office, U.S.

Citizenship and Immigration Services; LEON RODRIGUEZ, Director, U.S. Citizenship and

Immigration Services; JEH CHARLES JOHNSON, Secretary, U.S. Department of Homeland

Security; JAMES B. COMEY, Director, Federal Bureau of Investigation; and LORETTA E. LYNCH, Attorney General, U.S. Department of Justice, as follows:

## I. PREFATORY STATEMENT

1. This is an action to compel the Defendants and those acting under them to take all appropriate action immediately and forthwith to issue a decision on the Application for Naturalization, Form N-400 ("N-400 application"), which was properly filed by the Plaintiff, Ms. Svetlana Lyubchenko, and received by the Defendant, U.S. Citizenship and Immigration Services ("USCIS") on December 15, 2014. *See* Exh. 1. The Plaintiff is entitled to be scheduled for her naturalization interview and to receive a decision on her N-400 application within a reasonable period of time. 8 U.S.C. § 1421(a) (vesting Attorney General with exclusive authority to naturalize). However, her N-400 application remains within the jurisdiction of the Defendants, who have improperly withheld action on the petition for over 15 months and counting, to the detriment of the rights and privileges of the Plaintiff.

2. The current average processing time posted by USCIS on its website for a Form N-400 is approximately 7 months for the Washington, DC Field Office. *See* USCIS Processing Time Information for the Washington DC Field Office, *available at:* https://egov.uscis.gov/cris/processing TimesDisplay.do (last visited Mar. 28, 2016). Thus, Plaintiff's application has been pending for more than 8 months beyond normal processing times. This delay is unreasonable. Therefore, Plaintiff respectfully requests that this Court compel Defendants to perform their mandatory duty and schedule a naturalization interview and adjudicate the Plaintiff's long-pending N-400 application without further unreasonable delay.

## II. <u>JURISDICTION</u>

3. This is a civil action brought pursuant to 8 U.S.C. § 1329 (jurisdiction of the district courts), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty), to redress the deprivation of rights, privileges, and immunities secured to the Plaintiff, by which statutes jurisdiction is conferred, to compel the Defendants to perform a duty that the Defendants owe to the Plaintiff. Jurisdiction is further conferred by 5 U.S.C. §§ 555(b) and 704, the Administrative Procedures Act ("APA").

4. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Code of Federal Regulations makes it clear that USCIS has a mandatory and affirmative duty to adjudicate a properly filed Form N-400 Application for Naturalization. 8 C.F.R. §§ 319, 334, 335.

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action . . . the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because the adjudication of a properly filed application for naturalization is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland

Security, the Court retains original mandamus jurisdiction over this claim. *See* 8 C.F.R. § 335.3(a). *See also Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1136 (D. Ariz. 2008) ("Numerous district courts . . . which have addressed this specific issue overwhelmingly conclude that . . . the pace at which USCIS processes . . . applications is nondiscretionary and that [8 U.S.C. § 242(a)(2)(B)(ii)] does not bar judicial review."); *Liu v. Novak*, 509 F. Supp. 2d 1, 4-7 (D.D.C. 2007). Through this complaint, the Plaintiff is not challenging a decision on her N-400 application, as no decision has yet been made. Rather, the Plaintiff seeks an order compelling the Defendants to take action, including the prompt scheduling of a naturalization interview. The relief sought is not discretionary but is, by definition, a mandatory duty. *See Matter of Sealed Case¸* 1512 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

6. The APA also requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) (providing that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"). If the agency fails to render a decision within a reasonable time, the Court has power under 5 U.S.C. § 706(1) to compel the agency to do so. 5 U.S.C. § 706(1) (conferring power on the U.S. District Courts to compel agencies to perform "action unlawfully withheld or unreasonably delayed"). As set forth below, the delay of over 15 months – more than 9 months beyond the posted processing times – in scheduling the Plaintiff for an interview on her N-400 Application for Naturalization is unreasonable.

7. Finally, this Court has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, to declare the Defendants' failure to act on the Plaintiff's N-400 application to be arbitrary and capricious, unconstitutional, and a violation of the INA, the federal regulations, and the APA. *See Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Peoples v. U.S. Dep't of Agric.*, 427 F.2d 561, 565 (D.C. Cir. 1970). *See also* 5 U.S.C. §§ 555(b), 706(1), 706(2).

### III. VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(e), because this is an action brought in the district where the Plaintiff resides and no real property is involved in the action.

### IV. PARTIES

9. Plaintiff, SVETLANA LYUBCHENKO, is a lawful permanent resident of the United States and a citizen of Kazakhstan. She is an applicant for an N-400 application that is currently pending before USCIS.

10. The Defendant SARAH TAYLOR is Director of the USCIS Washington, DC Field Office. This suit is brought against Director Taylor in her official capacity, as she is charged with overseeing the adjudication of Form N-400 applications within her office's jurisdiction.

11. The Defendant LEON RODRIGUEZ is the Director of USCIS. This suit is brought against Director Rodriguez in his official capacity, as USCIS is the component of the Department of Homeland Security ("DHS") responsible for adjudicating Form N-400 applications for naturalization.

12. The Defendant JEH CHARLES JOHNSON is the Secretary of Homeland Security. This suit is brought against Secretary Johnson in his official capacity, as he is charged with overseeing the actions of DHS, including its adjudication of Form N-400 applications for naturalization.

13. The Defendant JAMES B. COMEY is the Director of the Federal Bureau of Investigations. This suit is brought against Director Comey in his official capacity, because as a matter of policy, he is responsible for performing background and security checks for certain applicants for immigration benefits.

14. The Defendant LORETTA E. LYNCH is the United States Attorney General. This suit is brought against Attorney General Lynch in her official capacity, as applicants for naturalization must establish eligibility to the satisfaction of the Attorney General.

## V. FACTS AND PROCEDURAL HISTORY

15. The Plaintiff, Svetlana Lyubchenko, is a lawful permanent resident of the United States and a citizen of Kazakhstan. She has resided in the United States since 2003, arriving first on an F-1 student visa to complete an LLM/JSD program at the University of California – Berkeley and then changing status to an H-1B skilled worker visa sponsored by her employer. Ms. Lyubchenko has been married to her U.S. citizen husband, Michael Lieberman, since November 27, 2010, and she has been a lawful permanent resident since November 16, 2011. She currently resides and works in Washington, DC, where she is employed as an attorney.

16. On December 15, 2014, Ms. Lyubchenko submitted a Form N-400 Application for Naturalization along with all appropriate supporting documentation and all required filing fees. At the time that she submitted her application, the average procession time for an N-400

application was four to six months. However, despite the passage of more than 15 months, she has received no decision on her N-400 application, has not been scheduled for a naturalization interview, and has been given no explanation for the agency's persistent delay, other than that the case is undergoing "security checks."

17. During the months that her N-400 application has been pending, Ms. Lyubchenko, along with her prior counsel and with the assistance of a U.S. Senator and a U.S. Representative, has submitted numerous inquiries to USCIS about the status of her case. After the N-400 fell outside of normal processing times, Ms. Lyubchenko's counsel submitted online inquiries with USCIS on August 5, 2015, September 18, 2015, November 4, 2015, and February 3, 2015. Counsel also made in-person inquiries through the InfoPass system on September 17, 2015, September 29, 2015 and October 2, 2015, and February 25, 2016. In addition, counsel submitted an inquiry through the USCIS Ombudsman's office and her office repeatedly telephoned USCIS to inquire about case status.

18. In response, USCIS has provided no substantive reason for the persistent delay in adjudicating Ms. Lyubchenko's case. On November 12, 2015, USCIS indicated that the case was under "extended review." Two weeks later, on November 25, 2015, USCIS advised that the N-400 application was in the queue pending an interview appointment. However, on December 4, 2015, Ms. Lyubchenko visited USCIS in person and was told that the case remained on hold pending "security checks." On December 18, 2015, a representative from U.S. Senator Barbara Boxer's office contacted USCIS to inquire about the status of the application, and on January 6, 2016 USCIS responded that the case remained pending due to

"national security checks." Ms. Lyubchenko then asked U.S. Congresswoman Eleanor Holmes Norton's office inquire about the status of her application, but the Congresswoman's office received no explanation for the delay.

19. Despite her many inquiries over the course of more than 15 months, Ms. Lyubchenko has yet to be scheduled for a naturalization interview or receive a satisfactory explanation for the agency's continued delay. Notably, the USCIS website still indicates that her N-400 application has been in the queue for an interview since June 18, 2015. *See* https://egov.uscis.gov/casestatus/mycasestatus.do.

## VI. CAUSE OF ACTION

20. USCIS shall grant naturalization applications to qualified applicants who meet the statutory requirements set forth at 8 U.S.C. §§ 1427, 1430, and the regulatory requirements set forth at 8 C.F.R. §§ 319, 334, 335. *See* 8 C.F.R. § 335.3. To establish eligibility for naturalization, an applicant must file a Form N-400 application with USCIS, pay the required filing fee, and demonstrate that she (a) has been lawfully admitted for permanent residence to the United States; (b) has resided continuously within the United States for a period of at least three years after having been lawfully admitted for permanent residence; (c) has been living in marital union with a U.S. citizen spouse for the three years preceding the date of examination on the application, and the spouse has been a United States citizen for the duration of that three-year period; (d) has been physically present in the United States for periods totaling at least 18 months during that period; (e) has resided for at least three months immediately preceding the filing of the application in the State or Service district having jurisdiction over

the applicant's actual place of residence; (f) has resided continuously within the United States from the date of application for naturalization until the time of admission to citizenship; (g) during this period, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States. *See* 8 U.S.C. §§ 1427, 1430(a); 8 C.F.R. §§ 319, 334, 335.

21. Approval of a properly filed N-400 application by a qualified applicant is a purely ministerial, non-discretionary act for which USCIS has exclusive authority and responsibility. *See* 8 C.F.R. §§ 319, 334, 335. Currently, the Defendant USCIS Washington, DC Field Office estimates that it is processing N-400 applications within approximately 7 months of filing. *See* USCIS Processing Time Information for the Washington DC Field Office, *available at:* https://egov.uscis.gov/cris/processing TimesDisplay.do (last visited Mar. 28, 2016).

22. On December 15, 2014, the Plaintiff filed an N-400 application with Defendant USCIS, along with the necessary forms and supporting documentation and the required filing fee. *See* Exh. 1. Since that date, the Plaintiff has waited to be scheduled for her naturalization interview. She has made numerous written, telephonic, in-person, online, and congressional inquiries to USCIS concerning the delay in processing her application, to no avail. Her application has now been pending for more than 15 months and is well outside normal processing times.

23. The Plaintiff is understandably eager to proceed with her naturalization application. The delay in these proceedings impacts her ability to advance professionally, to sponsor family members for immigration benefits, to live with peace of mind alongside her U.S. citizen husband and child, and to enjoy the privileges and responsibilities of U.S. citizenship. She is unaware of any reason why her application should be delayed or her naturalization interview not promptly scheduled.

24. The approval or denial of N-400 applications is the responsibility of USCIS under the INA and federal regulations. *See* 8 U.S.C. §§ 1427, 1430; 8 C.F.R. §§ 319, 334, 335. Through this complaint, the Plaintiff is not challenging a decision on her N-400 application; she complains only that USCIS has failed to render *any* decision. She thus seeks to compel the Defendants to take action by scheduling her for a naturalization interview and making a decision on her pending N-400 application. The relief sought is not discretionary, and is by definition a mandatory duty. *See* 8 C.F.R. § 335.3(a). *See, e.g., Iddir v. INS*, 301 F.3d 492, 497-98 (7th Cir. 2002).

25. The Plaintiff has met all filing requirements for the N-400 application and she is *prima facie* eligible for naturalization. Nonetheless, due to the unreasonable delay of the Defendants, the Plaintiff has had to wait more than 15 months even to be scheduled for a naturalization interview. This unreasonable and continuing delay is approximately 8 months beyond USCIS's own current estimated processing times.

26. As all administrative remedies have now been exhausted, and the Plaintiff is suffering a continuing harm due to the delay, there exists no other adequate remedy than the filing of this

complaint. Accordingly, the Plaintiff requests that this Court assume jurisdiction and compel the Defendants to schedule her for a naturalization interview and to adjudicate her application without further delay, including taking all necessary steps to complete the processing of required background and security checks.

## VII. CLAIMS

27. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the Defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Iddir*, 301 F.3d at 499; *see also Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 113 (D.D.C. 2005). The Plaintiff meets these criteria.

28. First, the Plaintiff has a clear right to the relief requested, as she has fully complied with all the statutory and regulatory requirements for seeking naturalization, including the submission of all necessary documentation and payment of required fees. *See* 8 U.S.C. §§ 1427, 1430; 8 C.F.R. §§ 319, 334, 335. The Defendants have willfully and unreasonably failed to process or adjudicate the Plaintiff's N-400 application for more than 15 months and counting, thereby depriving the Plaintiff of her rights to have a properly filed N-400 application adjudicated in a timely fashion.

29. Second, the Defendants have a clear duty to act upon and adjudicate the Plaintiff's N-400 application, and they have unreasonably failed to perform that duty. This duty is owed under the INA and the federal regulations, as well as by the fact that in charging a filing fee, Defendant USCIS has created for itself an obligation to process and adjudicate the petition. *See* INA § 286(m); 8 C.F.R. § 103.7(b)(1); 76 Fed. Reg. 53764 (Aug. 29, 2011); *Iddir*, 301

F.3d at 500; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992) ("When the suit is one challenging government action or inaction, [and] the plaintiff is himself an object of the action (or foregone action) at issue, . . . there is ordinarily little question that the action or inaction caused him injury, and that a judgment preventing or requiring the action will redress it."); *Manmohanjit Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (noting that regulations reflect a nondiscretionary duty to process applications for immigration benefits). The Plaintiff has no alternative means to obtain adjudication of her N-400 application, and thus, her right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980); *see also Lujan*, 504 U.S. at 561-62.

30. The duty to adjudicate the Plaintiff's N-400 application is mandatory, and is not within the Defendants' discretion, as by statute and regulation the adjudication of a properly filed N-400 application is a purely ministerial, non-discretionary act, which the Defendants are under obligation to perform in a timely manner. *See* 8 U.S.C. §§ 1427, 1430; 8 C.F.R. §§ 319, 334, 335. Although there is no statutory deadline for scheduling a naturalization interview, there is a nondiscretionary duty to take such actions within a reasonable period of time. *See* 5 U.S.C. §§ 555(b), 706(1). The Defendants have failed to perform this duty.

31. Third, the Court should compel the Defendants to adjudicate the Plaintiff's long-pending N-400 application, because no other adequate remedy is available to the Plaintiff. The Defendants have inexplicably and unreasonably failed to perform their clear duty to act by scheduling a naturalization interview and adjudicating the Plaintiff's application. Despite the Plaintiff's submission of all necessary documentation, payment of required fees, and

numerous inquiries made through multiple channels, the Plaintiff's N-400 application remains pending. The Plaintiff has now exhausted all possible administrative remedies. Mandamus action is appropriate. 28 U.S.C. § 1361; 28 U.S.C. § 1331.

32. Mandamus action is also appropriate because the Defendants have failed to act within a reasonable period of time. *See, e.g., Liu*, 509 F. Supp. 2d at 8-9 (holding that the APA requires the government to act within a reasonable period of time); *Saleem v. Keisler*, 520 F. Supp. 2d 1048, 1055 (W.D. Wis. 2007) (same). Were such relief not available, the Defendants could hold N-400 applications in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic – the Defendants simply do not possess the unfettered discretion to relegate noncitizens to a state of "limbo, leaving them to languish there indefinitely." *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004); *see also American Academy of Religion v. Chertoff*, 463 F. Supp. 2d 400 (S.D.N.Y. 2006).

33. Generally, in determining what is "unreasonable," courts may look to a variety of factors, including any Congressional guidance on what it considers to be reasonable, internal operating procedures established by the agency, processing times in similar cases, the source of the delay, and the facts of the particular case. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984). A court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Saleem*, 520 F. Supp. 2d at 1058-59. The delay in scheduling a naturalization interview and adjudicating the Plaintiff's N-400 application extends well beyond Congress's guideline of 180 days for immigration benefits

under 8 U.S.C. § 1571 and the Defendants' own current estimated processing time of approximately 7 months for naturalization applications in the Washington, DC Field Office.

34. As the Defendants have failed to carry out their mandatory duty to adjudicate the Plaintiff's pending N-400 application, and have unreasonably delayed action for more than 15 months without adequate explanation, and as the Plaintiff has exhausted all administrative remedies, this Court should compel the Defendants to take action on the Plaintiff's N-400 application without further unreasonable delay.

35. Furthermore, the Defendants' delay is arbitrary and capricious and an unconstitutional violation of the Plaintiff's right to due process under the Fifth Amendment. *See* 5 U.S.C. § 706(2) ("[The reviewing court shall] "hold unlawful and set aside agency action" [found to be] "arbitrary, capricious or an abuse of discretion, or otherwise not in accordance with the law."); *cf. Accardi*, 347 U.S. 260 (noting that unreasonable delay claims may implicate due process because the failure to act is an unlawful means of denying an application that is otherwise approvable).

36. Finally, the Defendants' delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(2).

## VIII. PRAYER

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to perform their duty to schedule a naturalization interview and to adjudicate the Plaintiff's N-400 application without further delay;

2. Enter a declaratory judgment that the Defendants' unreasonable delay violates the U.S. Constitution, the INA, the federal regulations, the APA, and that such delay is arbitrary and capricious;

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted this _____ day of March, 2016,

*By counsel,*       */s/ Thomas K. Ragland*

Thomas K. Ragland
D.C. Bar No. 501021
CLARK HILL PLC
601 Pennsylvania Avenue, NW
North Building, Suite 1000
Washington, DC 20004
T: (202) 552-2360
F: (202) 552-2384
E: tragland@clarkhill.com

*Counsel for the Plaintiff*